IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RICKY L. AVERETTE,<br>　　Petitioner, | )<br>)　Civil Action No. 7:19cv00845<br>) |
| v. | )　By:　Elizabeth K. Dillon<br>)　　　　United States District Judge |
| WARDEN,[1]<br>　　Respondent. | )<br>) |

**MEMORANDUM OPINION**

Ricky L. Averette, a Virginia inmate proceeding *pro se*, filed a petition for a writ of habeas corpus, pursuant to 28 U. S. C. § 2254. He challenges his August 2019 convictions for grand larceny and statutory burglary in the Circuit Court for the City of Danville. Upon review of the petition, the court concludes that it should be summarily dismissed without prejudice because Averette has not yet exhausted his available state court remedies.

A federal court may not grant a § 2254 habeas petition unless the petitioner exhausted the remedies available in the courts of the state in which petitioner was convicted. 28 U.S.C. § 2254(b); *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973). The exhaustion requirement is satisfied by seeking review of a claim in the highest state court with jurisdiction to consider the claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Where, as here, a petitioner files in federal court while he still has available state court proceedings in which to litigate his habeas claims, the federal court should dismiss the petition without prejudice to allow him to exhaust those state court remedies. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971).

---

[1] Pursuant to Rule 2(a) of the Rules Governing Section 2254 Proceedings, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Averette did not name a respondent in his petition, but the warden of Averette's current facility is substituted as the proper respondent. The Clerk shall update the docket accordingly.

Averette's § 2254 petition contains three claims, all of which involve assertions that his trial counsel provided ineffective assistance—claims that generally cannot be raised on direct appeal in Virginia and should be raised, instead, in a petition for a writ of habeas corpus. *Lenz v. Commonwealth*, 544 S.E. 2d 299, 304 (Va. 2001). Under Virginia law, Averette may file a state habeas petition in the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(A)(1); § 17.1-406(B). In the alternative, he can file a state habeas petition directly with the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(A)(1). Whichever route he follows in exhausting state court remedies, Averette must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them on the merits under § 2254. *Slayton*, 404 U.S. at 54.

It plainly appears from his petition, however, that Averette has not presented his claims to the Supreme Court of Virginia, either on direct appeal or in a habeas petition. Indeed, Averette's sworn petition states that he has not filed any petition for habeas corpus in any Virginia court, a fact confirmed by state court records.

Because Averette has not yet exhausted his state court remedies, the court will dismiss his petition without prejudice.[2] An appropriate order will be entered.

Entered: December 31, 2019.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[2] Averette may refile his federal habeas petition after he has exhausted his state court remedies. Averette is advised, however, that his time to file state and federal habeas petitions is limited. *See* 28 U.S.C. § 2244(d); Va. Code § 8.01-654(A)(2); Va. Sup. Ct. R. 5:9(a).